Octavio Cardona-Loya II, Esq. SBN 255309
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
vito@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON L. PARISCOFF, individual, | Case No.: **'12CV0090 IEG  BLM** |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |
| v. | |
| PATENAUDE & FELIX, A Professional Law Corporation; and DOES 1 through 10 inclusive, | |
| Defendants. | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

////

////

////

## II.  JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3.   Plaintiff BRANDON L. PARISCOFF is an individual.

4.   Venue is proper in this district as Defendant and its unlawful conduct complained of occurred here.

5.   Defendant PATENAUDE & FELIX is a professional law corporation doing business of collecting debts in California operating from an address at 4545 Murphy Canyon Road, Third Floor, San Diego, CA 92123.

6.   Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

7.   Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8.   Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

9.   The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

10.  The purported debt which Defendants attempted to collect from Plaintiff is a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

11.  The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed, believes, and alleges that each Defendant designated

as a Doe is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

### III.  FACTUAL ALLEGATIONS

12. Sometime in mid-2005, Plaintiff BRANDON L. PARISCOFF agreed to settle an alleged "Ford Motor Credit/Primus Financial" debt with Defendant PATENAUDE & FELIX.

13. On or about July 5, 2005 Defendant memorialized the settlement in correspondence sent to Plaintiff (the "Settlement Agreement").

14. The July 5, 2005 Settlement Agreement memorialized Defendant's acceptance of $2,500 from Plaintiff to satisfy his alleged obligation on the alleged debt balance of $4,850.15.

15. The July 5, 2005 Settlement Agreement acknowledged Plaintiff's payment of $500 and for four (4) additional payments to be made on a monthly basis.

16. Plaintiff made the payments pursuant to the Settlement Agreement on time and in full.

17. On November 18, 2005, Defendant confirmed in writing that Plaintiff satisfied his obligation under the Settlement Agreement.

18. Defendant stated in its November 18, 2005 correspondence: "This correspondence shall acknowledge receipt of funds for the above entitled matter.  This matter has now been resolved and no further legal action will be taken.  Please be advised this settlement is resolved as to ***BRANDON PARISCOFF AND BRANDON PARISCOFF ONLY***."

19. Starting sometime in mid-2011, Defendant began pursuing collection efforts on

1 the settled debt, despite having acknowledged resolution of the matter in 2005 as it pertained
2 to Plaintiff.
3   20. Defendant placed calls to Plaintiff's cell phone to collect on the settled debt on.
4   21. During one collection call with Defendant's representative "Sal Ramirez,"
5 Plaintiff requested that Defendant forward all correspondence and validation of the debt to
6 Plaintiff's attorney's office.
7   22. Mr. Ramirez refused to validate the debt, given where the parties were at in "the
8 legal process," or words to that effect.
9   23. Plaintiff asked Mr. Ramirez to clarify what the words "legal process" meant;
10 Mr. Ramirez then apologized for using that term and said it was a mistake to use those words.
11   24. Plaintiff requested that Defendant cease calling Plaintiff's cell phone number.
12   25. A short time afterwards, Plaintiff contacted Defendant to inquire whether a
13 written validation had been sent.
14   26. Defendant's representative in this conversation stated that Defendant had
15 "obtained a judgment" against Plaintiff for "$7,882.84" on February 4, 2009.
16   27. The judgment was allegedly obtained in the Las Vegas Township Justice Court.
17   28. Defendant's representative then provided Plaintiff the case number.
18   29. Plaintiff requested a copy of the judgment.
19   30. Defendant's representative then stated that the judgment did not apply to
20 Plaintiff but to a third-party.
21   31. Plaintiff asked whether Defendant was still trying to collect from Plaintiff.
22   32. Defendant's representative stated that Plaintiff's name was still on the account
23 and on the debt and that Plaintiff still owed on the debt.
24   33. Plaintiff asked how he could be responsible for a judgment against a third-
25 party; Defendant's representative stated that Plaintiff "could settle the account and make
26 arrangements," or words to that effect.
27   34. Defendant's representative also stated that Plaintiff's alleged obligation would
28 appear on his credit reports.

35. Defendant's representative then transferred the call to "Sal Ramirez."

36. Mr. Ramirez then stated that Defendant attempted to contact Plaintiff's counsel, including running a "skip trace" with counsel's name.  Plaintiff provided his counsel's phone number.

37. Plaintiff was then transferred to a "Carlos Loreto."

38. Plaintiff again inquired regarding the validation of the alleged debt.

39. Contrary to previous statements by Defendant's representative, Carlos stated that judgment was indeed obtained against Plaintiff and the previously-mentioned third party.

40. Carlos informed Plaintiff that he could retrieve the judgment-related documents from the court after being asked to forward that information to Plaintiff.

41. Carlos later back-tracked and said that there was a "possibility" that judgment was not entered against Plaintiff.

42. Carlos then explained that the amount of time an account has been open affected Defendant's decision to provide validation of alleged debts.

43. Carlos then stated that he did not see in the account notes that Defendant had "re-sued" Plaintiff.

44. Carlos explained that Defendant could file the lawsuit "again" and be able to "reopen" the case, or words to that effect.

45. Carlos then stated that the lawsuit was originally filed against Plaintiff.

46. Plaintiff informed Carlos that he already paid on the alleged debt and that Defendant's counsel signed off on the 2005 Agreement.

47. Carlos informed Plaintiff that he did not see anything in the file indicating so.

48. Carlos further stated that Plaintiff owed the $7,000 debt.

49. Defendant later contacted Plaintiff again on his cell phone despite his previous requests that calls to his cell phone cease; a Mr. "Lopez" initiated the call.

50. Plaintiff refused to provide a portion of his social security and Mr. Lopez terminated  the call.

////

51.  Defendant's calls originated from Defendant's San Diego, CA office number, (858) 244-7600.

52.  As a result of Defendant's conduct, Plaintiff suffered from stress, agitation, and loss of time.

## IV.  FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

53.  Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

54.  Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

(a) The Defendants violated 15 U.S.C. § 1692b(6) by communicating with a person other than the Plaintiff's attorney after the debt collector knew the Plaintiff was represented by an attorney;

(b) The Defendants violated 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiff at an unusual time or place and/or communicating with the Plaintiff at a time or place known or which should have been known to be inconvenient to the Plaintiff;

(c) The Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with the Plaintiff after the Defendant knew that the Plaintiff was represented by an attorney;

(d) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

(e) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

////

(f) The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(g) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken or that was not intended to be taken;

(h) The Defendants violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

(i) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(j) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

(k) The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

55. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## V. SECOND CAUSE OF ACTION
### (Violations of the Rosenthal Act)

56. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

57. Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a) The Defendants violated California Civil Code §1788.13(f) by falsely

Case 3:12-cv-00090-IEG-BLM   Document 1   Filed 01/11/12   Page 8 of 11

        representing that information concerning Plaintiff's alleged failure to pay a consumer debt has been or is about to referred to a consumer reporting agency;

  (b)    The Defendants violated California Civil Code §1788.13(j) by falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made;

  (c)    The Defendants violated California Civil Code §1788.14(c) by communicating with the Plaintiff after the Plaintiff's attorney notified the Defendants that the Plaintiff was represented by an attorney; and

  (d)    The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above; and

58.  Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

59.  As a proximate result of Defendants' violations enumerated above, Plaintiff was damaged in amounts which are subject to proof.

60.  Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, and each of them, for the following:

  (a)    Actual damages;

  (b)    Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

  (c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

  (d)    For punitive damages; and

8
COMPLAINT AND DEMAND FOR JURY TRIAL

(e)  For such other and further relief as the Court may deem just and proper.

Date: January 11, 2012          /s/  Octavio Cardona-Loya II     .
                                Octavio Cardona-Loya II
                                Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Date: January 11, 2012          /s/  Octavio Cardona-Loya II     .
                                Octavio Cardona-Loya II
                                Attorney for Plaintiff

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BRANDON L. PARISCOFF, individual,

**DEFENDANTS**
PATENAUDE & FELIX, A Professional Law Corporation; and DOES 1 through 10 inclusive,

(b) County of Residence of First Listed Plaintiff: **Mesa County, CO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Octavio Cardona-Loya (SBN 255309) Golden & Cardona-Loya LLP
3130 Bonita Road, Chula Vista, CA 91910 (619) 476-0030

Attorneys (If Known)

**'12CV0090 IEG  BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Debt Collection Practices Act 15 U.S.C. § 1692, et seq.
Brief description of cause:
Various violations of the Fair Debt Collection Practices Act and California Rosenthal Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 1-11-2012
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.